UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20126-CR-SCOLA/GOODMAN

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GERARD DORVILIER,

       Defendant.

_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on May 17, 2021, a hearing was held to determine whether defendant **GERARD DORVILIER** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **GERARD DORVILIER** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.      The defendant is charged by indictment in the Southern District of Florida, with conspiracy to commit carjacking in violation of Title 18, United States Code, Section 371, carjacking in violation of Title 18, United States Code, Section

2119, brandishing a firearm in furtherance of a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and conspiracy to commit access device fraud in violation of Title 18, United States Code, Section 1029(b)(2). Therefore, the defendant is charged with a crime of violence, resulting in a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant at all future court proceedings and the safety of any other person and the community. Title 18, United States Code, Section 3142(e) and (f).

    2.    The weight of the evidence against the defendant is sufficiently substantial to meet the pretrial detention statute. The government has proffered that on or about February 18, 2020, law enforcement officers were dispatched to Doral, Florida where they encountered several vehicles that had their windows smashed. The vehicles had been burglarized. Several items were stolen from the vehicles and at least one vehicle, a Mazda CX5, was stolen. The owner of the Mazda later reported to law enforcement that approximately $1,200.00 in unauthorized credit card charges had been made at a Target retail store. Law enforcement officers reviewed surveillance video from the Target and observed the defendant and two co-conspirators using credit cards stolen from the February 18, 2020 burglaries to make purchases.

    On or about April 15, 2020, law enforcement officers received a call reporting an armed carjacking in Miami, Florida. The victim told law enforcement that he had parked his vehicle, a Jeep, near his home when two suspects approached him. Both suspects were carrying firearms. One of the suspects placed a firearm to the victim's head and told the victim, "Give me everything or I'm going to blow your brains out." The victim

gave the suspects several items including an iPad, an iPhone and the keys to his Jeep. The victim provided a description of the suspects which matched the defendant. In addition, officers encountered a man in the area who provided home video surveillance showing two men burglarizing the man's Porsche.

A tracking application on the iPad led law enforcement officers to a housing complex located on NE 67th Street where the Jeep and the Mazda were parked.

Law enforcement officers later executed a search warrant at a residence located in the housing complex on NE 67th Street. During the execution of the search warrant, law enforcement officers recovered three firearms and a baggie containing methamphetamine. One of the firearms matched the description of the firearm used during the carjacking of the Jeep. The owner of the Jeep had possessed methamphetamine that had been taken from him during the armed carjacking.

Cell site data from the defendant's cell phone placed the defendant's cell phone at the scene of the carjacking of the Jeep.

Law enforcement placed a recording device in a police car prior to transporting co-defendant Voshon Jeanville. In the recording, co-defendant Jeanville stated, "They got me at Target" and they got "the black Mazda that I kept." Co-defendant Jeanville also stated that police even had "the one by the projects in the 67 . . ." "when Rod had the Jeep, he had come up on a little gray jeep, when we robbed that n***ga for the crystal meth."

Law enforcement officers showed video surveillance of the burglary of the Porsche to an unindicted co-conspirator who later passed away. The unindicted co-

3

conspirator told law enforcement that he, the defendant and two co-defendants came to the area where the carjacking occurred in the stolen Mazda. The unindicted co-conspirator could not find the defendant after the unindicted co-conspirator and a co-defendant finished burglarizing the Porsche. The carjacking of the Jeep occurred around the same time the Porsche was burglarized.

     3.     The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on September 15, 1998 in Haiti. The defendant arrived in the United States in 2001 and is subject to removal proceedings. The defendant's five siblings reside in Haiti. The defendant had been unemployed from January 2020 until he was taken into custody for the instant offense in May 2020. The defendant's criminal history includes strong-arm robbery and carjacking. The defendant was out on bond for a carjacking at the time of the instant offense. Title 18, United States Code, Section 3142(g)(3)(A).

     4.     The undersigned believes that the defendant would not appear if released on bond. The defendant is a citizen of Haiti, has strong family ties to that country, is subject to removal from the United States and failed to obey court orders by participating in the instant offense while on bond for a prior carjacking. The Court specifically finds, by a preponderance of the evidence, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required.

     5.     The undersigned believes that the defendant constitutes a danger to persons in the community. The defendant participated in a carjacking where the

defendant used a firearm and threatened the owner of the Jeep. The defendant was on bond for a previous carjacking when he committed the instant offenses. The Court specifically finds by clear and convincing evidence, there are no conditions or combinations of conditions which will reasonably assure the safety of other persons and the community.

The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **17th** day of May, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE